# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1274

_____

| | |
|---|---|
| Alan R. King, Jr., | * |
| | * |
| Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the Eastern |
| | *   District of Arkansas. |
| United States of America; Steven | * |
| Melton, Correctional Officer, In His | * |
| Individual Capacity; Eric Thompson, | * |
| S.I.A. Lt., Forrest City FCI; T. C. | *   [UNPUBLISHED] |
| Outlaw, Warden, Forrest City FCI, | * |
| | * |
| Appellees. | * |

_____

Submitted: May 16, 2011
Filed: May 18, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Federal inmate Alan King appeals the district court's[1] order, entered after summary judgment proceedings, dismissing with prejudice his claim under the Federal Tort Claims Act (FTCA), and dismissing without prejudice his claims under <u>Bivens</u>

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Upon de novo review, see Meuir v. Greene Cnty. Jail Emps., 487 F.3d 1115, 1118 (8th Cir. 2007), we affirm.

We conclude that King's FTCA claim was properly dismissed with prejudice because--as pled in the complaint--it was based solely upon acts that were undisputedly performed outside the scope of employment. See 28 U.S.C. § 1346(b)(1) (granting federal courts jurisdiction over claims for personal injury caused by wrongful act of government employee while acting within scope of his employment, under circumstances where United States, if private person, would be liable to claimant in accordance with law of place where act occurred); see also N. States Power Co. v. Fed. Transit Admin., 358 F.3d 1050, 1056-57 (8th Cir. 2004) (district court was correct to disregard argument raised for first time in summary judgment proceedings; although pleading requirements are relatively permissive, they do not entitle parties to manufacture claims, which were not pled, late into litigation for purpose of avoiding summary judgment).

We also agree with the district court that King failed to exhaust his administrative remedies on his Bivens claims. See 42 U.S.C. § 1997e(a) (no action may be brought with respect to prison conditions by prisoner confined in correctional facility until such administrative remedies as are available are exhausted).

Accordingly, we affirm the district court's judgment. See 8th Cir. R. 47B. We also deny the pending motion for appointment of counsel.

_____